NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231300-U

NO. 4-23-1300

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 23, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| MICHAEL E. NACE, | ) | Appeal from the |
|      Plaintiff-Appellant, | ) | Circuit Court of |
|      v. | ) | Marshall County |
| TERESA ANN NACE, Individually and as Purported | ) | No. 20CH11 |
| Trustee of the Nace Family Farm Irrevocable Trust Dated | ) | |
| December 26, 2012; STEVEN P. NACE; DUSTIN | ) | |
| NACE; SCOTT NACE; NICOLE NACE LAFFERTY; | ) | |
| JAMES NACE; CHRISTOPHER NACE; MATT NACE; | ) | |
| and THE BOARD OF DIRECTORS OF THE | ) | Honorable |
| UNIVERSITY OF ILLINOIS, | ) | James A. Mack, |
|      Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE LANNERD delivered the judgment of the court.
Justices Harris and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, concluding the trial court properly granted the
defendant trustee's motion for summary judgment based on the equitable
principle of *laches*.

¶ 2        Plaintiff, Michael Nace, appeals from an order of the Marshall County circuit

court granting a motion for summary judgment in favor of defendants, Teresa Ann Nace,

individually and as purported trustee of the Nace Family Farm Irrevocable Trust Dated

December 26, 2012; Steven P. Nace; Dustin Nace; Scott Nace; Nicole Nace Lafferty; James

Nace; Christopher Nace; Matt Nace; and the Board of Directors of the University of Illinois. On

appeal, Michael asserts the trial court erred when it allowed summary judgment on the grounds

of both *laches* and unclean hands, and therefore the judgment should be reversed and remanded for further proceedings. Defendants respond summary judgment was appropriate, and the judgment should therefore be affirmed. We affirm.

¶ 3                                          I. BACKGROUND

¶ 4                                          A. Trusts and Complaint

¶ 5          William Nace died on March 20, 2005, after which the William R. Nace Trust Dated January 14, 2004 (William's Trust), held title to: (1) three tracts of real estate located in Marshall County (Recreational Ground); (2) a house located at 3322 N. Isabell Avenue in Peoria, Illinois (Peoria house); and (3) other real property. William's Trust is divided into a family trust for the benefit of his children and a marital trust for the benefit of Muriel Ann Nace, his spouse. Section 5.2 of William's Trust provides that the trustee, who in August 2007 was Muriel,

> "may pay to [Muriel] as much of the principal as the Trustee from time to time considers necessary for the health or maintenance in reasonable comfort of my spouse. I recommend that the trustee make no payment of principal to my spouse if any part of the principal of the Marital Trust is reasonably available for those purposes."

¶ 6          On August 7, 2007, Muriel, in her capacity as trustee of William's Trust, executed and recorded a trustee's deed with the Marshall County Recorder (2007 Deed), which conveyed title to all three tracts of the Recreational Ground to Muriel, individually. The Recreational Ground is also commonly known as the Nace Family Farm and contains about 400 acres, mostly of timber but also including some tillable acres. Thereafter, Muriel conveyed title to the Recreational Ground as follows:

"a. A 100% interest in Tracts I and II were conveyed to the [Nace Family Farm Irrevocable Trust dated December 26, 2012 (Farm Trust)], pursuant to a Warranty Deed in Trust dated December 26, 2012, recorded with the Marshall County Recorder as Document No. 201200002582 on December 27, 2012 (the 'Farm Deed'); and

b. A 100% interest in Tract III was conveyed to Michael pursuant to a Trustee's Quit Claim Deed dated January 2, 2014, recorded with the Marshall County Recorder as Document No. 201400000028 on January 8, 2014 ('Michael's Deed')."

¶ 7 Although William's Trust directed the Peoria house be distributed to Teresa Nace upon Muriel's death, Muriel transferred the Peoria house to Michael pursuant to a trustee's deed dated August 3, 2017, recorded with the Marshall County Recorder as document No. 2017017080 on August 22, 2017. Michael did not object to any of the aforementioned transfers at the time they were conveyed.

¶ 8 As a result of the transfer of Tracts I and II to the Farm Trust, which has a charitable remainder beneficiary, Muriel recognized a $1,065,553 charitable deduction and was admitted as a member of the Laureate Circle of the President's Council of the University of Illinois Foundation. According to an affidavit filed by Teresa, since the recording of the Farm Deed in 2012, the Farm Trust has been in possession of Tracts I and II, exerting control over such real property by virtue of: "(i) establishing rules for the use thereof; (ii) performing maintenance thereon; and (iii) controlling access thereto." As of the dates of filing his complaint and his amended complaint, Michael was not in possession of Tracts I and II. Specifically, the

Peoria County circuit court suspended Michael's access from April 12, 2019, through April 11, 2022, in Peoria County Case No. 18-CH-326.

¶ 9        Additionally, the Farm Trust provides all three of Muriel's children and their children (Muriel's grandchildren) life estates in Tracts I and II of the Recreational Ground for "their recreation and enjoyment." Upon the death of the last of Muriel's children and grandchildren, the Farm Trust grants the remainder interest to the Board of Trustees of the University of Illinois for "conservation, ecological and environmental research, education and outreach activities." Muriel died on June 18, 2018.

¶ 10        On July 7, 2020, Michael initiated the instant case against Teresa, individually and as trustee of the Farm Trust, as well as the other beneficiaries of the Farm Trust. In a one-count amended complaint filed on April 16, 2021, Michael alleged a claim to quiet title to real property that is owned by the Farm Trust, seeking to undo Muriel's August 7, 2007, real estate transfer. Specifically, Michael challenged the authority of Muriel to transfer the 50% undivided interest in the Recreational Ground that was owned by William's Trust because at the time William's Trust was executed, William was the sole owner of all three tracts comprising the Recreational Ground. Michael further alleged William never revoked or modified William's Trust during his lifetime. Accordingly, Michael sought a declaration confirming at least a one-half undivided interest in the Recreational Ground remains in William's Trust, which has become irrevocable, and cannot be presently or retroactively transferred by Muriel as trustee because she did not need the principal and interest for her health or maintenance in reasonable comfort, especially since her death in June 2018. Michael therefore asserted the Recreational Ground is now held in tenancy in common for Michael and his two siblings, Teresa and Steven.

Alternatively, Michael asserted he is a tenant in common with Teresa and Steven as well as the Nace Family Farm Irrevocable Trust.

¶ 11                                  B. Summary Judgment

¶ 12          On May 5, 2023, both Michael and defendants filed cross-motions for summary judgment. In defendants' motion, they asserted (1) Michael could not satisfy the elements of his quiet title claim and (2) even if Michael could establish a claim to quiet title, equitable principles prohibited Michael from obtaining the relief requested. On June 26, 2023, the trial court entered a written order granting defendants' motion for summary judgment and denying Michael's. In its order, the court stated it granted defendants' motion on the grounds of *laches* and unclean hands. Michael filed a motion to reconsider, asserting the equitable principles of *laches* and unclean hands were not applicable and did not compel a judgment in defendants' favor. The court denied the motion.

¶ 13          This appeal followed.

¶ 14                                  II. ANALYSIS

¶ 15          On appeal, Michael argues the trial court erred when it granted defendants' motion for summary judgment. Specifically, Michael argues (1) the equitable principle of *laches* did not preclude his quiet title claim because defendants did not demonstrate prejudice and (2) the equitable principle of unclean hands did not preclude his quiet title claim because defendants did not demonstrate he engaged in any wrongdoing. Defendants respond the court's judgment was proper on the grounds of both *laches* and unclean hands. We affirm.

¶ 16                                  A. Standard of Review

¶ 17          Summary judgment is governed by section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2022)). " 'The purpose of summary judgment is not to try a question

of fact, but rather to determine whether a genuine question of material fact exists.' " *Banks v. City of Rockford*, 2023 IL App (4th) 221111, ¶ 15 (quoting *Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154, 162 (2007)). Accordingly, summary judgment is appropriate only where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2022). In making this determination, the trial court must construe all well-pleaded facts against the moving party and in favor of the nonmoving party. See *Bagent*, 224 Ill. 2d at 162. Furthermore, "[a] triable issue precluding summary judgment exists where the material facts are disputed or where, the material facts being undisputed, reasonable persons might draw different inferences from the undisputed facts." *Id.* at 163. This court reviews the court's granting or denial of a motion for summary judgment *de novo*. *Id.*

¶ 18                                    B. *Laches*

¶ 19            On appeal, Michael argues the trial court erred when it granted defendants' summary judgment motion on *laches* grounds because defendants—in particular, Teresa—failed to demonstrate prejudice resulting from his delay in bringing this action.

¶ 20            Our supreme court recently explained the equitable doctrine of *laches* as follows:

"*Laches* is an equitable defense asserted against a party 'who has knowingly slept upon his rights and acquiesced for a great length of time, [citation] and its existence depends on whether, under all circumstances of a particular case, a plaintiff is chargeable with want of due diligence in failing to institute proceedings before he did.' [Citation.] In contrast to a statute of limitations, which forecloses an action based on a simple lapse of time, *laches* turns on 'the inequity

of permitting the claim to be enforced, an inequity founded upon some change in the condition or relation of the property and parties.' [Citation.] 'The doctrine is grounded in the equitable notion that courts are reluctant to come to the aid of a party who has knowingly slept on his rights to the detriment of the opposing party.' [Citation.] There are two fundamental elements of *laches*: (1) 'lack of due diligence by the party asserting the claim' and (2) 'prejudice to the opposing party.' [Citation.] Whether *laches* is applicable depends on the facts and circumstances of each case. [Citation.]" *Tillman v. Pritzker*, 2021 IL 126387, ¶ 25.

¶ 21        We first note Michael does not challenge that the first element has been met—*i.e.*, he failed to act with due diligence in bringing his claim. Because the parties do not dispute Michael waited 13 years to challenge the 2007 real estate transfer he now seeks to undo, we conclude Michael failed to act with due diligence. Accordingly, this court focuses its analysis only on the second element—*i.e.*, whether defendants demonstrated prejudice as a result of Michael's delay in bringing his claim.

¶ 22        In our *de novo* review, we conclude the trial court properly granted defendants' summary judgment motion on *laches* grounds. First, Teresa, individually and as a representative of the Farm Trust, was prejudiced by Michael's 13-year delay in asserting his quiet title claim because in the interim, the key witness—Muriel—has died. Muriel died in 2018, which was still over a decade after the August 2007 real estate transfer Michael now challenges. See *Federal National Mortgage Ass'n v. Altamirano*, 2020 IL App (2d) 190198, ¶ 22 (citing *James v. Frantz*, 21 Ill. 2d 377 (1961) (holding death of a witness who was essential to defendants' case was relevant to *laches* analysis)). As a result of Muriel's death, Teresa, as trustee of the Farm Trust,

cannot adequately present evidence of Muriel's "health or maintenance in reasonable comfort" needs and defend Muriel's August 2007 and subsequent conveyances involving the Recreational Ground. Although Michael claims in his brief that Teresa has only demonstrated prejudice to *Muriel*, the record shows Teresa has suffered prejudice both as a beneficiary and trustee of the Farm Trust. As trustee, Teresa has administered the Farm Trust and taken actions consistent with its ownership and maintenance of Tracts I and II of the Recreational Ground since the execution of the Farm Deed in 2012. Specifically, the Farm Trust has incurred costs relevant to that ownership in the form of maintenance and establishing rules and regulations related to its use. Furthermore, in the decade since executing and recording the 2007 Deed, Muriel recognized a $1,065,553 charitable tax deduction, along with other benefits. Those benefits would have to be set aside, if possible—and may have other tax implications—if Michael were granted the relief he requests. Accordingly, we conclude there is no genuine issue of material fact and defendants demonstrated prejudice resulting from Michael's delay in asserting his quiet title claim, and therefore the court properly granted defendants' summary judgment motion on *laches* grounds.

¶ 23     Because we conclude summary judgment in favor of defendants was proper based on the equitable doctrine of *laches*, we need not consider Michael's contention the trial court erred in finding summary judgment was appropriate on the grounds of unclean hands.

¶ 24                                III. CONCLUSION

¶ 25     For the reasons stated, we affirm the trial court's judgment.

¶ 26     Affirmed.